# In the United States Court of Federal Claims

No. 95-283 T
(Filed July 8, 2010)

```
*************************************
R. T. VANDERBILT COMPANY, INC.      *
  and SUBSIDIARY COMPANIES,         *
                    Plaintiff,      *
                                    *
              v.                    *
                                    *
THE UNITED STATES,                  *
                    Defendant.      *
*************************************
```

## ORDER

This order addresses the extensive discovery controversies in this tax refund litigation set out in Plaintiff's [183] Motion to Compel Discovery combined with its 94-page supporting Declaration [184] by plaintiff's counsel including 33 attached exhibits and Defendant's [188] Cross-Motion for Protective Order and Brief in Opposition combined with defendant's counsel's 6-page supporting Declaration [190] with its attached exhibit. Also addressed is Defendant's [189] Motion to Strike and plaintiff's [196] Opposition thereto.

Plaintiff alleges that it and its various subsidiaries engage primarily "[i]n the mining and processing of ore, the manufacture of chemicals, and the sale of these products and non-related companies' chemicals and minerals." (Comp.¶ 2.) The sales of these products during the 1977, 1980, 1981 tax years at issue in this litigation were made either through plaintiff or through Vanderbilt Export Corporation ("VEC"), a wholly owned subsidiary of plaintiff. (*Id*.) During the years in issue VEC operated under an election, made March 17, 1972, to be treated, for tax purposes, as a domestic international sales corporation ("DISC"). (*Id*.)

The Revenue Act of 1971, Pub. L. No. 92-178, Title V, 85 Stat. 535, is the source for the DISC provisions of the Internal Revenue Code. *See* 26 U.S.C. §§ 991-995. The purpose for enactment of the DISC provisions was to provide tax incentives

for United States firms to increase their exports and to remove the previous tax disadvantage of firms engaged in export activities through domestic corporations instead of through foreign subsidiaries. *See Thomas Int'l Ltd. v. United States*, 773 F.2d 300, 301 (Fed. Cir. 1985). To insure that the tax-deferred profits enabled by the DISC provisions were used for export activities, Congress provided strict requirements for qualification as a DISC. *Id.*

For VEC to qualify as a DISC, at least 95 percent of its gross receipts had to consist of qualified export receipts. 26 U.S.C. § 992 (a)(1)(A). However, qualified export receipts do not include transactions involving products of a character with respect to which a deduction for depletion is allowable, such as the minerals sold by VEC, unless at least 50 percent of the fair market value of such products is attributable to manufacturing and processing. 26 U.S.C. § 993(c)(2). "'[P]rocessing,' [however] does not include [e]xtracting or handling, packing, packaging, grading, storing, or transporting." *Id.* Treasury Regulation ("Treas. Reg.") § 1.993-3(g)(4)(iii) further states that "manufacturing and processing" does not include processes applied before a mineral's "cutoff point" which is the point at which a mineral's gross income is determined for depletion under 26 U.S.C. § 613(a). Treas. Reg. § 1.993-3(g)(4)(vi)(a).

Plaintiff alleges that the Internal Revenue Service ("IRS") audited plaintiff's tax returns and those of its subsidiary companies for the years 1974, 1975, 1976 and made an adjustment to the DISC for 1976, but did not disqualify the DISC for failure to meet the qualification test. (Comp. ¶¶ 25-26.) It is alleged that by a Notice of Deficiency, dated May 14, 1985, the IRS determined that VEC did not qualify as a DISC for the years 1980 and 1981. (*Id.* ¶ 7.) IRS treated VEC as a regular corporation in 1980 and 1981 and the resulting adjustments caused plaintiff to pay $342,336 in additional tax, plus $36,332 in penalties and $210,809 in interest. Plaintiff seeks to obtain a refund of these sums in this litigation.

The main issue for resolution in this matter is whether VEC qualified as a DISC during 1980 and 1981. (*Id.* ¶ 7.) In the event it were concluded that VEC failed to qualify as a DISC during 1980 and 1981, an issue is presented whether the failure may be cured by plaintiff making a property distribution on the basis that the failure to meet the requirements was due to "reasonable cause" as provided in 26 U.S.C. § 992(c). (*Id.* ¶ 23.) Finally, plaintiff asserts the IRS assessed the deficiencies in the incorrect taxable year. (*Id.* ¶ 33.)

On the basis of the issues involved, the specific items in Plaintiff's Motion to Compel and Defendant's Cross-Motion and Objection are addressed as follows.

Document Request No. 2.

In this Request, plaintiff requests all documents concerning the IRS audit of the years 1974, 1975 and 1976. Plaintiff's theory is that the IRS's failure to contest VEC's DISC qualification for these years provides reasonable cause for plaintiff continuing to consider that VEC remained qualified as a DISC during 1980 and 1981. Defendant agrees that discovery concerning the 1974-1976 IRS audit is reasonably calculated to lead to admissible evidence on the "reasonable-cause" issues. However, the IRS has apparently lost its records concerning the 1974-1976 audit, so defendant cannot produce documents as requested. Defendant has agreed to designate a deposition witness, pursuant to Rules of the United States Court of Federal Claims ("RCFC") 30(b)(6), to testify on behalf of the United States about the audit, defendant's search for documents and other information relating to it. Defendant's submissions hint at a position that the 1974-1976 IRS audit did not actually cover DISC qualification, but in view of the lost records resulting in the absence of admissible evidence as to the actual coverage of the audit, an inference adverse to defendant as to audit coverage may be appropriate. Defendant does indicate it is withholding documents on relevancy grounds – International Examiner's Reports and Appeals Memoranda, portions of which discuss the 1974-1976 audit. (Spivak [184] Decl. Ex. 28 at 5.) From the description, these portions have relevance to the reasonable cause issue and require production. Otherwise, no further action on this request is called for. The agreed RCFC 30(b)(6) deposition should be scheduled promptly.

Document Request No. 3.

Plaintiff seeks all documents concerning IRS or Treasury Department's drafting history and legislative history with respect to the definition of "processing" in 26 U.S.C. § 993(c)(2)(E) and the definition of "extraction" in 26 U.S.C. § 613(c)(3) and regulations promulgated thereunder. Plaintiff explains that it seeks only nonpublic documents. (Spivak [184] Decl. ¶ 68.) Defendant produced Treasury Decision 7513, 1977-2 C.B. 290 (1977) and an IRS Technical Memorandum "Notice of

Proposed Rule Making Amendment of the Income Tax Regulations Under Section 993(c)(2) of the Internal Revenue Code of 1954 to Conform to Section 603 of the Tax Reduction Act of 1975." (Def.'s [188] Cross-Mot. 21.) Non-deliberative documents from the background files of Treasury Decision 7513 were produced. (*Id*.) Defendant has withheld, as covered by deliberative-process privilege, documents, such as drafts of regulations and technical memoranda and pre-decisional comments by individuals regarding the drafts. (*Id*. at 28.) A detailed privilege log in the form of a declaration by Margo Stevens, IRS Deputy Associate Chief Counsel for Legislation and Privacy, Procedure and Administration, lists each of the documents withheld. (Spivak [184] Decl. Ex. 26.) An examination of the detailed document descriptions contained in the Stevens' declaration demonstrates that they are correctly placed in the deliberative-process privilege category. They are documents comprising part of a process by which government decisions and policies are formulated. *Dep't Of Interior and Bureau of Ind. Affairs v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). The documents are pre-decisional and deliberative. *Jade Trading LLC v. United States*, 65 Fed. Cl. 487, 493 (2005). However, the deliberative-process privilege is not absolute in that a showing of compelling need can overcome it. *Marriott Int'l Resorts, L.P. v. United States*, 437 F.3d 1302, 1307 (Fed. Cir. 2006). In determining the extent of plaintiff's need it is recognized that courts may not rely on unpublished opinions of agency staff in deciphering the meaning of a statute or regulation. *United States v. Farley*, 11 F.3d 1385, 1390 (7th Cir. 1993). In light of the questionable relevance of the document(s), plaintiff's "need" for such discovery cannot rise to the level required to overcome the valid assertion of deliberative-process privilege. *Deseret Mgmt. Corp. v. United States*, 76 Fed. Cl. 88, 99 (2007). Accordingly, absent a sufficient showing of need, the privilege stands and there appears to be no other documents at issue with respect to this request.

Document Request No. 4.

Plaintiff seeks the IRS or Treasury Department's drafting history and legislative history with respect to the reasons for the addition of the words "(*i.e.*, all processes which are applied before the cutoff point of the mineral to which such processes are applied)" following the word

"extracting" in the definition of "excluded processes" in Treas. Reg. § 1.993-3(g)(4)(iii). The discussion with respect to Request No. 3 above is applicable here. In addition plaintiff notes it was informed that comments made by the public on the proposed regulation cited were located by IRS but not disclosed as non-responsive. Defendant opposes the motion to compel as to production of these public comments because they do not address the reasons for the words cited. (Def.'s [188] Cross-Mot. 22 n5.). As plaintiff's public comments request goes beyond the text of its discovery request, no valid basis to compel the discovery has been shown.

Document Request No. 5.
Plaintiff seeks all documents concerning any advice provided by IRS or the Treasury Department to taxpayers or to staff members regarding the parenthetical language set forth in Request No. 4.

Defendant objects to this request on several grounds. The request can be read to require IRS and the Treasury Department to search all its files over the past thirty years to find any advice so provided. Such a task would clearly be unreasonable and burdensome. *Vons Cos. v. United States*, 51 Fed. Cl. 1, 24 (2001). Defendant reports it has conducted a limited search and located a private letter ruling which was produced. Evidence of several files was located, but the files turned out to have been destroyed under record retention policies. Any publically disclosed "advice" or positions taken, such as that disclosed in reported litigation or published documents, should be equally available to both parties and is not a matter for discovery.

No valid basis has been shown to compel additional discovery as to this request.

Document Request No. 6.
Plaintiff seeks all documents concerning the 1974-1976 IRS audit. The discussion involving Document Request No. 2 is relevant here. Plaintiff proposes an *in camera* examination of the documents listed in the Alfieri-Specker privilege log. (Spivak [184] Decl. Ex. 27.) However, the descriptions in the privilege log of the documents are

sufficient to conclude that they are subject to the claimed attorney-client privilege and/or attorney work product. No valid basis for an *in camera* inspection has been shown.

Document Request No. 7.

This request concerns the 1974-1976 IRS audit and the discussions with respect to Request No. 2 is relevant here.

Document Request No. 8.

Plaintiff's request covers "audit manuals and checklists concerning DISCs and depletable products" in existence when the 1974-1976 audit was conducted. (Spivak [184] Decl. 39.) Defendant appears to have reported that there were no responsive documents.

Plaintiff seeks a further explanation as to the basis for the determination that IRS manuals for the period involved do not relate to DISCs and depletable products. Plaintiff's request is reasonable and, in the absence of producing the manual(s), such an explanation shall be provided.

Document Request No. 9.

Plaintiff seeks all documents concerning the 1980-1981 audit relating to the DISC status of VEC. Defendant objects to production asserting attorney-client privilege, attorney work product, and deliberative-process privilege. Defendant's privilege log lists six documents that it will not produce. Plaintiff agreed that documents numbered 1, 4, and 6 in defendant's log (Spivak [184] Decl. Ex. 28 at 3-4) need not be produced. Production of documents numbered 2, 3, and 5 is requested. Also one document from the Stevens' log (Spivak [184] Decl. Ex. 26 at 14) appears to be involved. This document is titled "An Appeals Transmittal Memorandum and Supporting Statement, dated May 14, 1985."

The four documents withheld, for which plaintiff seeks to compel disclosure shall be forwarded directly to chambers for an *in camera* inspection to ascertain the extent of their privileged status, and the future action to be taken with respect to their discovery.

Document Request No. 10.

    Discussion with respect to Document Request No. 3 is relevant here.

Interrogatory No. 1.

    Plaintiff seeks the identity of all persons involved in any way in the preparation of the Alfieri Report. Defendant objects on relevancy grounds but, subject to the objection responded with "Dennis Alfieri (Internal Revenue Service, Connecticut)." Mr. Alfieri was reported to be unavailable for medical reasons and plaintiff seeks an update as to his condition. While this interrogatory may not be the right location for this request, defendant shall provide plaintiff with information as to whether Mr. Alfieri remains unavailable with respect to any aspect of this litigation.

Interrogatory No. 2.

    Plaintiff seeks the identity of all persons involved in the 1980-1981 IRS audit. Defendant objects to this discovery citing the principle that proceedings in a tax refund suit are *de novo* in that the litigation does not comprise judicial review of an IRS decision on an administrative record. *Lewis v. Reynolds*, 284 U.S. 281, 283 (1932); *R.E. Dietz Corp. v. United States*, 939 F.2d 1, 4 (2d Cir. 1991). Factual issues "[a]re tried . . . with no weight given to subsidiary factual findings made by the Service in its internal administrative proceedings." *Cook v. United States*, 46 Fed. Cl. 110, 113 (2000). Protective Orders have been issued precluding a deposition of IRS agents covering their subjective analysis and mental impressions concerning the meaning of a statutory term during their audit of a taxpayer as these were irrelevant to the proof required at trial. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994); *see also Evergreen Trading, LLC v. United States*, 75 Fed. Cl. 730 (2007).

    Accordingly, it does not appear likely that knowledge as to the persons involved in the 1980-1981 audit is likely to lead to the discovery of admissible evidence. RCFC 26(b)(1).

Subject to objections, defendant did provide the names of eleven persons, but declined to provide any contact information, citing 5 U.S.C. § 552a.  Plaintiff now seeks to compel contact information for these persons.  If it were determined that information sought from these persons was relevant, the court is empowered to order that addresses be furnished.  5 U.S.C. § 552a(b)(11); *Ford Motor Co. v. United States*, 825 F. Supp. 1081, 1083 (CIT 1993).

In this circumstance, plaintiff must detail the specific information it intends to seek from the individuals so that a relevance determination can be made.  If relevance is established, an order can be issued to provide contact information.  At present the motion to compel discovery of this contact information cannot be granted.

Interrogatory No. 3.

Plaintiff requests that the role(s) that Dennis Alfieri played concerning the 1980-1981 audit be described.  As noted with respect to Interrogatory No. 2, Mr. Alfieri's role(s) with respect to the 1980-1981 audit is not likely to have relevance with respect to the *de novo* proof required in this tax refund suit.  The Notice of Deficiency for 1980 and 1981 was an IRS determination, not a personal Alfieri-issued notice.  Plaintiff objects to defendant's counsel, subject to the relevance objection, providing a description of Mr. Alfieri's role gained from his examination of the administrative file.  However, given the age of the case and Mr. Alfieri's then unavailability, no valid objection is perceived to this approach in this circumstance.

Interrogatory No. 4.

This contention interrogatory seeks a response as to the relation between "extracting" in 26 U.S.C. § 993(c)(2) and "extraction" in 26 U.S.C. § 613(c).  After stating and explaining its objection to the interrogatory, defendant provided a response that is considered satisfactory. (Spivak [184] Decl. Ex. 12 at 5.)  No valid basis has been shown to compel an additional response.

Interrogatory No. 5.

This interrogatory seeks information as to the accuracy of the Alfieri Report. Defendant objects on the basis that it is not using the report in this litigation so the accuracy is irrelevant. A copy of the report was provided to plaintiff. However, pretrial submissions will disclose the evidence relied upon by each party in this litigation. Defendant disavows any use of the report in any submissions to the court. The parties must focus on the positions taken and evidence presented in this litigation, not actions taken by IRS tax administration personnel.

Unless the Alfieri report will be utilized as evidence in this litigation, no valid basis exists to examine its accuracy and no valid basis is shown to compel discovery in this regard.

Interrogatory No. 6.

This interrogatory seeks the identity of the International Examiner assigned to the 1974, 1975 and 1976 audits. The International Examiner's Report was signed, but the signatures are illegible. Defendant's counsel reports that he has been unable to ascertain with certainty the identities. Plaintiff questions the extent of defendant's investigation and seeks a declaration of the steps taken. Given plaintiff's reliance on the failure of this audit to disqualify VEC as a DISC to support its reasonable cause position, the scope of the audit may well be a viable issue. Evidence as to this scope could be relevant. Accordingly, plaintiff's request for more effort to identify persons with potential knowledge has validity. Defendant shall provide a declaration to plaintiff showing the steps taken to locate legible records or identities.

Interrogatory No. 7.

This interrogatory seeks the identity of the Revenue Agent assigned to the 1974-1976 audit. Defendant responded by providing the name of the agent, and noted that he had retired from IRS employment. No address was provided. Plaintiff seeks an address. The discussion under Interrogatories No. 2 and 6 are relevant here. However, because the agent was involved with the 1974-1976 audit on which plaintiff places reliance for its reasonable cause position regarding DISC status

for 1980 and 1981, defendant does not oppose release of contact information under a 5 U.S.C. § 552a(b)(11) order. (Def.'s [188] Cross-Mot. 45.) Accordingly, upon submission of specific details concerning relevant information to be sought from the agent, an order under 5 U.S.C. § 552a(b)(11) will be issued.

Interrogatory No. 9.

This interrogatory asks whether "as a consequence of the 1974-1976 Audit" the IRS determined that VEC was not a qualified DISC in either or both 1975 or 1976. Defendant answered, subject to several objections, that during the 1974-1976 audit examination IRS did not attempt to disqualify VEC as a DISC. Plaintiff considers this answer misleading. Plaintiff requests "that Defendant be compelled to advise whether any information was withheld based on the objections made to Interrogatory No. 9." (Spivak [184] Decl. 55.) Plaintiff's request is not entirely clear but may involve whether defendant's response is based on the personal knowledge of some person(s) whose identity is not disclosed. If this is the case, defendant shall identify the person(s) involved.

Interrogatory No. 10.

This interrogatory asks whether a specific sentence is contained in the International Examiner's Report, dated February 1, 1978, and if the answer is "yes," that the years be identified. Defendant responds with an option to produce the February 1, 1978 Report pursuant to RCFC 33(d). No valid reason is provided to show why production of the Report is an inadequate response, and, in this event, no further discovery is required in response to this interrogatory.

Interrogatory No. 11.

This interrogatory asks whether the International Examiner or Revenue Agent for the 1974-1976 audit requested any information regarding "DISC qualification testing" of VEC. Defendant's response is that it does not know "with certainty" whether the IRS examined VEC's DISC qualification during the 1974-1976 audit but from an examination of the records still available, after the loss of the audit files, it believes that IRS did not examine VEC's DISC qualifications.

Plaintiff notes that defendant has not responded except to state a belief derived from limited document review. Plaintiff requests the sanction of a finding that there was DISC qualification testing in the 1974-1976 audit and VEC was not disqualified as a DISC. Defendant argues that such a sanction would not be appropriate at this stage of the proceedings, but the issue should be deferred to allow plaintiff to take a deposition pursuant to RCFC 30(b)(6), addressing the circumstances surrounding the loss of the 1974-1976 audit files and for further briefing. As a matter central to plaintiff's "reasonable cause" position, the sanction issue must be thoroughly addressed after the facts are presented. Accordingly, it will not be resolved at this time.

Interrogatory No. 12.

This interrogatory asks whether the International Examiner or Revenue Agent on the 1974-1976 audit concluded that VEC's DISC qualification for 1975 and 1976 was obvious or apparent. Defendant's response and plaintiff's motion to comply track the submissions for Interrogatory No. 11. The discussion for Interrogatory No. 11 is equally applicable here. The sanction issue is deferred.

Interrogatory No. 13.

This interrogatory asks if defendant is contending that there is a difference in meaning between "extracting" as used in Treas. Reg. § 1.993-3(g)(4)(iii) and "mining" as defined in 26 U.S.C. § 613(c)(2). Defendant responds with objections to the interrogatory but subject to the objections responds that it is not required to so contend but nevertheless explains the purpose for the terms as used in the cited provisions. Plaintiff states that defendant has submitted an "evasive non-response." (Spivak [184] Decl. ¶ 158 at 58.) A direct response is requested. (*Id*.) Defendant's response that it is not necessary for it to make any contention is construed as a direct response that it is not so contending. If this is not correct, defendant should clarify its response. If correct, no additional response is required.

Request for Admissions Nos. 1-14.

Requested Admissions Nos. 1-14 concern the Alfieri Report and whether it contains errors. As noted with respect to Interrogatory Nos.

2-5, defendant's counsel firmly states that the Alfieri Report will form no part of the defendant's case in this litigation. (Def.'s [188] Cross-Mot. 41, 43.) The issue as to VEC's DISC qualification for the 1980, 1981 years will depend upon plaintiff's financial records and whether Treas. Reg. § 1.993-3(g)(4)(iii) is valid; not whether the Alfieri Report contains errors. Plaintiff has not established a viable basis for additional discovery concerning the Alfieri Report.

Request for Admission No. 16.

This request concerns the relationship between "extracting" as utilized in Treas. Reg. § 1.993-3(g)(4)(iii) and "extraction" as utilized in 26 U.S.C. § 613(c)(2). Plaintiff seeks an admission that the Treas. Reg. "extracting" is "broader" than the code "extraction." That is, the Treas. Reg. includes processes that would be in excess of "extraction" pursuant to 26 U.S.C. § 613(c)(2). Defendant objects to this request on several grounds, which plaintiff requests be stricken. While discussing the relationship between the Treas. Reg. "extracting" and the code provision "extraction" is confusing, the issue concerns plaintiff's position that the Treas. Reg. is invalid. The issue is relevant, contrary to defendant's objections, but defendant has, subject to these objections responded that the requested admission is "Denied." No further action is indicated.

Request for Admission No. 17.

This request concerns the IRS audit for the years 1974, 1975 and 1976. Plaintiff objects to language in defendant's response concerning "audited by defendant," and defendant's failure to include in its response that Form 4549 also bears the signature of Paul T. DeBernardo as Examining Officer. Defendant shall provide a supplemental response adding the fact of DeBernardo's signature.

Request for Admission No. 18.

This request concerns the execution of Form 872. Plaintiff contests the objections asserted by defendant and requests that they be stricken. Subject to objections, defendant admits the substance of the request. In general, rulings on defendant's objections are deferred to a

point where the context of the use made of the discovery becomes evident.

Request for Admission No. 21.

This request refers to the 1974-1976 audit. Subject to general objections, defendant admits the substance of the request. No valid basis for further action at this time is shown.

Request for Admission No. 22.

This request refers to the 1974-1976 audit and the discussion for Request No. 21 is equally relevant here.

Deposition Notice Matter No. 1.

Plaintiff seeks testimony concerning the use of the terms "extracting," "mining" and "cutoff point" in connection with depletable products and their qualifications as export property under DISC provisions of the Internal Revenue Code. Defendant objects to this discovery on several grounds including that it seeks interpretation of the Internal Revenue Code, i.e., a legal question. This matter does not appear to be an appropriate subject for RCFC 30(b)(6) testimony. Interpretation of the code is a judicial function. *Stobie Creek Invs., LLC v. United States*, __ F.3d __, 2010 WL 2331155 at *15 (Fed. Cir., June 11, 2010); *Rumsfeld v. United Techs. Corp.*, 315 F.3d 1361, 1369 (Fed. Cir. 2003); *Mola Dev. Corp. v. United States*, 516 F.3d 1370, 1379 (Fed. Cir. 2008).

Deposition Notice Matter No. 2.

Plaintiff seeks testimony on the legislative history of Internal Revenue Code section 993(c)(2) and related sections. Defendant objects to this notice on several grounds including that it addresses a purely legal issue. As noted with respect to Matter No. 1, pure legal issues are not an appropriate subject for discovery.

Deposition Notice Matter No. 3.

Plaintiff seeks testimony on the administrative history of Treas. Reg. § 1.993-3(g)(4)(iii) and related sections. Defendant objects on several grounds including the deliberative-process privilege and that the

notice comprises a pure legal issue. The deliberative-process privilege was sustained with respect to plaintiff's document requests for this subject matter and no valid basis has been shown to rule otherwise with respect to testimony.

Deposition Notice Matter No. 4.

Plaintiff seeks testimony concerning the preparation of the Alfieri Report. As discussed with respect to Interrogatory Nos. 2, 3 and 5, further discovery with respect to the Alfieri Report is not germane to the issues requiring resolution in this litigation. The same result applies with respect to a deposition.

Deposition Notice Matter No. 5.

The subject plaintiff lists for this notice is "communications between the Department of Justice and the Internal Revenue Service regarding the subject matter of this action." (Spivak [184] Decl. 81.) Defendant objects on attorney-client privilege and work-product doctrine. Plaintiff explains that it is not seeking testimony covered by attorney-client privilege or work-product doctrine but, instead, wished "[t]o be able to examine a witness about the location of relevant files and documents and their movement between the agencies." (*Id*.) However, if plaintiff seeks testimony by a document custodian, a clearly drafted notice to this end is required. As drafted, the discovery is not allowable.

Deposition Notice Matter No. 6.

This deposition notice concerns "[p]ublished or unpublished advice by any governmental agency concerning the interpretation of the term 'extraction' or 'extracting' as used in the Internal Revenue Code Sections 993(c)(2) and 613, and related sections and, in Treas. Reg. 1.993-3(g)(4)(iii) and related sections, including, but not limited to, any internal guidance issued within or by the Internal Revenue Service." (Spivak [184] Decl. 82.) Defendant objects to this notice on several grounds, including that it is overbroad and imposes an undue burden. As noted with respect to Document Request No. 5, any published agency interpretations are available upon research and do not require discovery. Limiting any discovery to post-deliberative agency level

interpretations would obviate privilege considerations. Limiting agency level interpretations to those issued by the Internal Revenue Service and Treasury Department would reduce the search burden. The likelihood is that any additional interpretations located will carry little evidentiary weight. *United States v. Farley, supra*; *but see Ford Motor Co. v. United States,* 84 Fed. Cl. 168 (2008). However, limiting the Notice for Matter No. 6 as discussed above, pursuant to RCFC 26(b)(2)(C)(iii), will enable testimony to be obtained detailing the search involved and any additional agency level interpretations located, while taking into consideration the burden involved and the relative low importance of the discovery to this litigation from an evidentiary standpoint. Accordingly, as limited, this RCFC 30(b)(6) deposition may be initiated at a time and place to be agreed upon by the parties.

Deposition Notice Matter Nos. 7, 8, 9.

These notices concern the 1974-1976 audit, Form 4549, and the International Examiner's Report dated February 1, 1978. Defendant concurs in a RCFC 30(b)(6) deposition concerning the lost audit files and it is assumed that agreement can be reached by the parties as to the full scope of this discovery. If not, additional submissions are needed in this regard.

Deposition Notice Matter No. 10.

This Notice concerns the 1980-81 audit. Defendant objects to this Notice on relevance grounds citing the *de novo* nature of this tax refund litigation. As discussed with respect to Interrogatory No. 2, *supra*, the audit has little relevance to the issues requiring resolution in this litigation. Plaintiff has not established a valid basis for this discovery and defendant's objection is sustained.

## **Defendant's Motion to Strike**

Defendant's [189] Motion to Strike has been considered. It is true that an argument can be made that the rules were not strictly followed in the submissions by the parties in this discovery controversy. However, it was concluded the best course of action was to accept the extensive work performed by both counsel in the form submitted and resolve the issues to the extent possible in a reasonable time period.

In this circumstance, it is **ORDERED** that leave is **GRANTED** for the filing of the submissions by the parties in the manner submitted..

## CONCLUSION

For the reasons stated above, it is **ORDERED** that Plaintiff's Motion to Compel Discovery and Defendant's Cross-Motion for Protective Order are **GRANTED** to the extent provided herein and, otherwise, **DENIED** and Defendant's Motion to Strike is **DENIED**.[1]

s/ James F. Merow<br>
James F. Merow<br>
Senior Judge

---

[1] Plaintiff's pending [199] Motion for Leave to File a Response is **DENIED as MOOT**